# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**332**

**KA 11-00554**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIMOTHY JABLONSKI, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 2, 2011.  The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentence shall run concurrently with the previously imposed definite sentences and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20).  As defendant contends and the People correctly concede, Supreme Court erred in directing that the indeterminate term of imprisonment that it imposed be served consecutively to two definite sentences that had been previously imposed (*see* former § 70.35).  "The offense[s] underlying the definite sentence[s were] committed prior to the date on which the [indeterminate] sentence was imposed, and thus the definite sentence[s] must run concurrently" with the indeterminate sentence (*People v Glinski* [appeal No. 2], 37 AD3d 1188, 1189; *see People v Leabo*, 84 NY2d 952, 953).  We therefore modify the judgment accordingly.

Entered:  March 23, 2012                          Frances E. Cafarell
                                                  Clerk of the Court