■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUSTIN LEE, Appellant. [974 NYS2d 402]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered October 31, 2011, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony drug offender, to a determinate term of six years, to be followed by five years' postrelease supervision, to run consecutively to a one-year sentence imposed on an unrelated 2008 fourth-degree drug possession conviction, unanimously modified, on the law, to the extent of remanding to Supreme Court for further sentencing proceedings consistent herewith.

Defendant was sentenced to 90 days and five years' probation in an unrelated 2008 case. While on probation, he was arrested in Manhattan and charged with two drug related crimes, one of which was an A-I felony and the other an A-II.

Defendant pleaded guilty to the A-II drug charge in full satisfaction of the 2010 indictment, for which he received a determinate prison sentence of six years plus five years' postrelease supervision. At the same time, he also pleaded guilty to a probation violation on the 2008 indictment, for which he was sentenced to one year. Although defendant asked the sentencing court to run the sentence in the 2008 case concurrently with his determinate sentence in this case, the court declined to do so, noting that he had been allowed to plead guilty to the lesser A-II drug charge.

Defendant is not appealing his resentencing in the 2008 case, but the legality of the sentence he received in this case. He

claims that because the trial court imposed a definite one-year sentence in the 2008 case and a determinate sentence in this case, the two sentences must run concurrently, not consecutively. He argues that because the sentences were made to run consecutively, they are illegal (*see* Penal Law § 70.35; *People v Leabo*, 84 NY2d 952 [1994]). While we agree that, if the 2008 sentence is definite, then the sentence in this case should have run concurrently, we cannot determine the issue of the legality of defendant's sentence on the record presently before us. The sentencing court did not characterize the one-year probation violation sentence as either determinate or definite, leaving an ambiguity in the record. This matter is, therefore, remanded for the sentencing court to clarify the record by stating whether the sentence is definite or determinate. We find no merit to the People's position that we should not reach the issue because only the 2010 sentence was appealed (*see People v Jablonski*, 93 AD3d 1319 [4th Dept 2012]). Concur—Friedman, J.P., Richter, Feinman and Gische, JJ.